## DARLING *v.* MEACHUM.

Where a plea is defective only in form a general demurrer to it should be overruled.

The words, *beyond sea,* in the Michigan statute of limitations, means beyond the limits of the United States.

### *Error to Dubuque District Court.*

*Opinion by* GREENE, J.   Assumpsit on a promissory note made by Alonzo Meachum to the plaintiff, April 25, 1832.   To the declaration nine pleas were filed.   The fifth, sixth, seventh and eighth pleas set up the statute of limitations in force upon the note, previous to the act which took effect July 4th 1843.   To these pleas a general demurrer was filed and overruled.   As the pleas were good in substance and defective only in form, the general demurrer was correctly overruled.   *Rev. Stat.* 55, § 10.

The ninth plea set up the statute of Michigan, approved May 15, 1820, and averred that the note was given under that statute in 1832, which limited the cause of action to six years from and after the time it accrued; and that defendant continued and resided subject to that law, under the territorial changes from Michigan to Wisconsin and Iowa, until July 30, 1840, when said statute was repealed and that before said repeal the plaintiffs cause of action was barred.

To this plea the plaintiff filed a replication averring that he was beyond the sea, to wit, in the state of Illinois when the cause of action accured, that he so continued beyond the seas until the repeal of the said act of limitations, and that he did not at any time after the accruing of said cause of action come, or return within the limits of Michigan, Wisconsin or Iowa, until within six years before the commencent of this suit.

To this replication the defendant demurred and the demurrer was sustained.   But it is insisted that the demurrer should have been overruled; and that the words "be-

Darling *v*. Meachum.

yond the seas" in the Michigan state are equivalent to the words out of the state, or out of the territory. In some of the states the term "beyond sea" as borrowed from the limitation act of 21 James 1. has been construed to mean without the limits of the state. But other states have given the phrase a literal construction: or at least have extended the exemption to such persons only as were beyond the bounds of the United States. This construction is more in accordance with the signification of the words, and is sanctioned by the ruling of the English courts which held that the term has a meaning synonymous with that of *beyond* or *out of the realm;* and hence it was held that Scotland is not beyond sea from England.

So in this country, the several states should be regarded as within the same realm. They are under the same general government, the same general system of jurisprudence, and under the same federal courts which will entertain the suit of the absentee against the resident debtor. The several states are also united under the same post-office system and by the same telegraphic wires, thus affording every facility for discovering the residence of debtors. Why then should a forced and foreign construction be given to the act in order to furnish a saving clause in favor of non-resident creditors. It cannot we think, be safely argued that such was the intention of the legislature. No such intention can be legitimately drawn from the language of the act. If it had been entertained it could have been readily expressed. Laws of Michigan, 1820, p. 572, § 10. This section of the statute we think clearly explains itself by the words or "without the United States."

In Pennsylvania a similar statute has been construed to mean, beyond the United States, *Thurston* v. *Fisher* 9 Serg. and R. 288. So in Connecticut, the term "over sea" received a literal construction. In *Gustin* v. *Brattle* Kirby 299, it was held that absence at Halifax though without the jurisdiction of the United States, is not, beyond sea.

In Ohio the courts construed the phrase to mean out of

the state, but in *Whitney* v. *Webb*, 10 Ohio 515, the correctness of that construction appears to be questioned. Judge Grimke in delivering the opinion of the court remarks: "I cannot help thinking, however, if the question were a new one, that it would better promote the ends of justice and public tranquility to say, as the courts of Pennsylvania have, that the statute referred simply to persons beyond the bounds of the United States."

In *Whitney* v. *Goddard*, 20 Pick. 304, it was held that a citizen of another state is not beyond sea, and not therefore within the saving clause of this statute. See also, 13 N. H. 80; 14 Peters 141; 11 Wheat. 361.

We conclude then that the court did not err in sustaining the demurrer to the replication.

Judgment affirmed.

*Wilson & Smith*, for plaintiff in error.

*Davis & Bissell*, for defendant.